DEBORAH PERLMAN [S.B. No. 177991]
deborah@perlmanlawoffices.com
Perlman Law Inc.
433 N. Camden Drive, Suite 970
Beverly Hills, CA 90210
(310) 551-0155

PAUL D. SUPNIK [S.B. No. 52842]
paul@supnik.com
9401 Wilshire Boulevard, Suite 1250
Beverly Hills, CA 90212
(310) 859-0100

Attorney for Plaintiff
CARDEN EDUCATIONAL
FOUNDATION, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ED CV 10 - 01150 VAP (DTBx)

| | |
|---|---|
| CARDEN EDUCATIONAL FOUNDATION, INC., a New York not for profit foundation, | **CASE NO.** |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) 1. Federal Trademark Infringement |
| | ) 2. Federal Unfair Competition |
| | ) 3. Federal Trademark Dilution |
| CARDEN VIRTUAL ACADEMY, a California corporation; CARDEN VIRTUAL ACADEMY OF ARIZONA, an Arizona corporation; TIMOTHY SMITH, an individual and dba CARDEN VIRTUAL ACADEMY; and DOES 1 through 10, | ) 4. Trademark Infringement Under State Law |
| | ) 5. Unfair Competition under State Law |
| | ) 6. Trademark Dilution under State Law |
| | ) 7. False Advertising |
| | ) 8. Common Law Trademark Infringement |
| Defendants. | ) 9. Common Law Unfair Competition |
| | ) 10. Anti-Cybersquating Consumer Protection Act |
| | ) 11. Breach of Contract |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |

- 1 -

COMPLAINT

**COMPLAINT**

Plaintiff Carden Educational Foundation, Inc., a New York non-profit corporation alleges as follows:

**INTRODUCTION**

1.     Carden Educational Foundation, Inc. (Sometimes referred to herein as Carden or The Foundation) has used the marks CARDEN, CARDEN SCHOOL, CARDEN METHOD and CARDEN EDUCATIONAL FOUNDATION and Design in various forms, some since as early as the late 1930s. The marks are used in connection with educational services, by way of example for conducting seminars and workshops in the fields of spelling, reading and teaching methods emphasizing imagery, listening and correct diction. The Foundation has created various audiovisual recordings for use in the field of teaching, printed instructional and teaching materials and has given numerous seminars and workshops in these fields. It has established a proprietary curriculum and distributes course material in connection with that curriculum.

2. In developing its non-profit work, it has engaged in the licensing of schools throughout the United States. Schools bearing the Carden name are licensed by the foundation with one known exception. That exception is a school which was in existence prior to the plaintiff's use of its mark thus the Carden Educational Foundation maintains strict control over the use of its name and reputation. The reason for doing so is to make sure that when consumers see the Carden name, they associate it with the high quality and standards established by the Carden Schools. As a result, the Carden Schools have been successful in being accredited throughout the United States.

3.     This case is about the unauthorized use of the Carden mark and name by a company which identifies itself as a Carden School, located in San Bernardino, styling itself as CARDEN VIRTUAL LEARNING ACADEMY.

COMPLAINT

The use of the CARDEN name and mark by the defendants is likely to result in damage to the plaintiff's mark and reputation.

**THE PARTIES**

4.      Plaintiff Carden Educational Foundation, Inc. is a New York non-profit corporation having its principle place of business at 1308 Fording Island Road, Suite L, Bluffton, South Carolina 29910.  Carden is a leading provider of educational services and educational materials which have in recent years significantly been associated with the home-schooling industry.

5.      Upon information and belief defendants Carden Virtual Academy of California is a California corporation having an entity address at 701 University Avenue, Suite 150, Sacramento, CA 95825 and having a principle place of business at 7365 Carnelian Street, Suite 113, Rancho Cucamonga, California .

6.      Defendants Carden Virtual Academy of Arizona, Inc. is an Arizona corporation having a principle place of business at 4744 W. Grovers Avenue, Glendale, AZ 85308 and is believed to be doing business in the State of California.

7.      Defendant Timothy Smith is an individual residing in Glendale, Arizona and is believed to be doing business in San Bernardino, California in connection with the Carden Virtual Academy of California and with the Carden Virtual Academy of Arizona, Inc.

8.      Defendants Does 1 through 10, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to plaintiff.  When their true names and capacities are ascertained, plaintiff will amend this

**COMPLAINT**

complaint by inserting their true names and capacities. Plaintiff is informed and believes and thereon alleges that each one of Does 1 through 10 is responsible in some manner for the occurrences alleged herein and that plaintiff's damages were proximately caused by such defendants.

**VENUE**

9. Jurisdiction in this court arises under the trademark laws of the United States, 15 U.S.C. §§ 1121, et seq. This complaint also alleges violations of state law and common law. This court has jurisdiction over those claims pursuant to 28 U.S.C. § 1338(a) and (b) and under supplemental jurisdiction of this court, 28 U.S.C. § 1367(a).

10. This court has personal jurisdiction over the defendants because they have committed one or more of the infringing acts complained of herein in California and in this district and do business in California and in this district.

11. Venue in this court is proper under the provisions of 28 U.S.C. § 1391(b) because a substantial part of the claims arose in this district.

**PLAINTIFF'S CARDEN MARKS**

12. Based on first use since May 1, 1938 and first use in commerce since May 1, 1938, the Carden Educational Foundation, Inc. has obtained a federal trademark registration for the mark CARDEN for educational and training services for students and teachers and schools, namely conducting

-4-

COMPLAINT

classes, seminars, conferences, workshops in the field of spelling, reading and teaching methods emphasizing imagery, listening and correct diction according to a proprietary curriculum and distributing course materials in connection therewith. The registration, Reg. No. 2,934,361was obtained on March 22, 2005. As a result of 5 years of continuous use since the date of registration and the filing of a declaration to that effect in the United States Patent and Trademark Office, the registration has become incontestible. A copy of the certificate of registration is attached hereto as EXHIBIT A.

13. Since at least as early as December 31, 1981, the plaintiff Carden Educational Foundation, Inc. has used the mark CARDEN EDUCATIONAL FOUNDATION and Design in connection with a variety of goods and services, in particular pre-recorded audiovisual recordings on compact disks in the fields of spelling and reading and teaching materials emphasizing imagery, listening and correct diction; printed instructional, educational and teaching materials in the field of spelling and reading and teaching methods emphasizing imagery, listening and correct diction and for educational services, namely conducting seminars and workshops in the fields of spelling and reaching and teaching methods emphasizing imagery, listening and correct diction. On May 7, 2002, Carden Educational Foundation obtained from the United States Patent and Trademark Office Registration No. 2,566,783 for the mark CARDEN EDUCATIONAL FOUNDATION and Design for the foregoing goods and services in international Classes 9, 16 and 41. A declaration of continuous use

COMPLAINT

following registration has been timely filed with the United States Patent and Trademark Office and the mark has become incontestible. A copy of the certificate of registration is attached hereto as EXHIBIT B.

14. The Carden Educational Foundation has also obtained from the United States Patent and Trademark Office a service mark registration for the mark CARDEN SCHOOL for educational services, namely conducting seminars and workshops in the field of spelling, reading and teaching methods emphasizing imagery, listening and correct diction, in international Class 41. The registration, Reg. No. 2,501,800 issued on August 7, 2001 based on an application filed July 20, 2000. A declaration of continuous use following registration has been timely filed with the United States Patent and Trademark Office and the mark has become incontestible. A copy of the certificate of registration is attached hereto as EXHIBIT C.

15. Finally, The Carden Educational Foundation has obtained a U.S. trademark registration for the mark CARDEN METHOD for educational services, namely, conducting seminars and workshops in the field of spelling, reading and teaching methods emphasizing imagery, listening and correct diction which was obtained on January 29, 2002. The services are based on use of the mark since January 1, 1948. A declaration of continuous use following registration has been timely filed with the United States Patent and Trademark Office and the mark has become incontestible. A copy of the certificate of registration is attached hereto as EXHIBIT D.

**COMPLAINT**

16.    Each of the four above referenced federally registered marks are identified collectively as the CARDEN Marks. The Carden Educational Foundation has expended substantial effort and funds in developing good will in the CARDEN Marks and in developing a consumer association of the CARDEN Marks as emanating from a single source. Carden has expended substantial amounts of money promoting and advertising the CARDEN Marks and the products and services associated with the CARDEN Marks. Some of the primary means by which Carden Educational Foundation promotes the CARDEN Marks is through advertisements on the radio, advertisements and public relations materials in magazines and in connection with various education seminars and programs. Attached as EXHIBIT E is a collection of such materials.

17.    On information and belief, defendant Carden Virtual Academy has attempted to and obtained authorization from the County of San Bernardino to operate a charter school, which it identifies by the name Carden Virtual Academy. Carden Virtual Academy has used the trademarks and names of Carden Educational Foundation, Inc. without authorization. The use of the name and mark CARDEN is likely to confuse a significant segment of the consuming public, namely parents of school-age children who potentially send or will send their children to their educational institution. The effect of this is to dilute the significance of plaintiff's named marks, to create confusion as to source or sponsorship and to damage the marks of the plaintiff as well as creating confusion among members of the consuming public.

COMPLAINT

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT 15 USC § 1114

## AGAINST ALL DEFENDANTS

18. Carden realleges and incorporates by reference all of the foregoing paragraphs as though each was fully set forth herein.

19. As a result of the foregoing, defendants had infringed and continue to infringe the CARDEN Marks in violation of Section 32 of the Lanham Act, 15 USC § 1114. Defendant's conduct is likely to cause confusion, mistaken deception among the general purchasing public and interfere with Carden's ability to use its mark to indicate a single quality controlled source of goods.

20. Carden has incurred and is incurring and will continue to incur irreparable injury for which Carden has no adequate remedy at law. Carden is therefore entitled to a preliminary and permanent injunction against further infringing conduct by defendants.

21. Defendants have profited and are profiting from such infringement and Carden has been and is being damaged by such infringement. Carden is therefore entitled to recover damages from defendants in an amount to be proven at trial as a consequence of defendant's infringing activities.

22. Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive. Carden is therefore entitled to an Award of its reasonable attorney's fees and costs, and treble its actual damages pursuant to 15 USC § 1117(a). Carden is also entitled, among other

COMPLAINT

matters, to the cost of corrective advertising.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION; 15 USC § 1125(a)

## AGAINST ALL DEFENDANTS

23.    Carden realleges and incorporates by reference the foregoing paragraph as though set forth in full herein.

24.    As a result of the foregoing, defendants are violating Section 43(a), 15 USC § 1125(a) and are unfairly competing with Carden.  Defendants' use in commerce of the service mark of Carden Virtual Academy constitutes a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact which is likely to cause confusion, and to cause mistake, and to deceive by wrongly suggesting some affiliation, connection or association between defendants' services offered by Carden under its CARDEN Marks.  Such use by defendants of their infringing CARDEN services is also likely to cause confusion and to cause mistake and to deceive as to the origin, sponsorship or approval of defendants infringing CARDEN Services.  Such use by defendants of their infringing CARDEN services constitutes unfair competition in violation of Lanham Act  § 43(a), 15 USC § 1125(a).

25.    Defendants have infringed and continue to infringe the CARDEN Marks.  Defendants' CARDEN services infringe the CARDEN Marks.

26.    Defendants' conduct is likely to cause confusion, mistaken

COMPLAINT

deception among the general purchasing and consuming public and interfere with Carden's ability to use and profit from the CARDEN Marks.

27.    Defendants' conduct as described above is also likely to harm or extinguish the current ability of the CARDEN Marks to indicate that CARDEN services emanate from or are affiliated or sponsored or connected to a single source. Defendants' conduct as described above harms the goodwill and reputation associated with the CARDEN Marks.

28. Carden has suffered, is suffering and will continue to suffer irreparable injury for which Carden has no adequate remedy at law. Carden is therefore entitled to a preliminary and permanent injunction against defendants' further infringing conduct.

29.    Defendants have profited and are profiting from such infringement and Carden has been and is being damaged and losing profit by such infringement. Carden is therefore entitled to recover damages and profits from defendants in an amount to be proven at trial as a consequence of defendants' violations of Lanham Act § 43(a), 15 USC § 1125(a).

## THIRD CLAIM

### Federal Trademark Dilution (15 USC § 1125(c))

### AGAINST ALL DEFENDANTS

30.    Carden realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

- 10 -                                                        **COMPLAINT**

31.   The CARDEN Marks and especially the CARDEN Marks, Reg. No. 2,934,361 registered March 22, 2005 based on a first use in May 1, 1938 have become famous in connection with educational goods and services.  Defendants misappropriated the CARDEN Marks in connection with the marketing and sale of defendant's educational services.

32.   Defendants CARDEN VIRTUAL ACADEMY contains the word CARDEN, identical to the CARDEN Marks and identical to the mark CARDEN, Reg. No. 2,934,361.

33.   Defendants' commercial use of the infringing CARDEN Marks has lessened the capacity of Carden's registered CARDEN Marks to identify Carden's services thereby diluting the distinctive quality of the CARDEN Marks. Defendants willfully intend to trade on Carden's reputation and cause dilution of Carden's famous mark.

34.   Defendants' acts and omissions as described above have caused substantial and irreparable damage and injury to Carden and in particular to the valuable good will and reputation associated with the CARDEN Marks and in particular Registration No. 2,934,361.  Unless enjoined by this court, defendants will continue to cause substantial and irreparable damage and injury to Carden. Carden has no adequate remedy of law because no monetary award can adequately compensate Carden for the damage to the good will and distinctive quality of the CARDEN Marks occasioned by defendants' acts and omissions and because the continuing damage to Carden from such acts and omissions

- 11 -

COMPLAINT

would be difficult to calculate and would lead to a multiplicity of actions.

35.    Defendants' actions were willful, wanton, deliberate and were done with the intent to trade on Carden's reputation and goodwill associated with the CARDEN Marks in particular the Registration No. 2,934,361.

36.    The acts and omissions of defendants described above are unlawful and constitute violations of the Federal Anti-Dilution Statute, 15 USC §1125(c) and Carden has been injured thereby.

## FOURTH CLAIM

## California Trademark Infringement

## Cal. Bus. & Prof. Code §14320

## AGAINST ALL DEFENDANTS

37. Carden realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

38.    By the acts and omissions set forth above, defendants have infringed and continue to infringe Carden's rights regarding Carden's federally registered CARDEN Marks in violation of California Business and Professions Code § 14320.  Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public and interfere with Carden's ability to use its mark to indicate a single quality-controlled source of services.

39.    Carden has suffered, is suffering and will continue to suffer irreparable injury for which Carden has no adequate remedy of law.  Carden is

- 12 -

COMPLAINT

therefore entitled to a preliminary and permanent injunction against further infringing conduct by defendants.

## FIFTH CLAIM

## California Unfair Competition

## California Business and Professions Code § 17200 et seq.

## AGAINST ALL DEFENDANTS

40.    Carden re-alleges and incorporates by reference each of the foregoing paragraphs as though each such paragraph was fully set forth herein.

41.    By The defendants' use and commerce of the infringing CARDEN mark is likely to cause confusion to consumers. Defendants acts and omissions in this regard were wanton, willful, deliberate and with the intent to avail themselves of Carden's reputation and good will associated with Carden's federally registered Carden marks and to unlawfully divert the trade and business of Carden to the defendants, and to confuse and mislead the trade and the public into belief that defendants are associated with Carden and that the services provided by defendants are the services sponsored by Carden.

42.    The acts and omissions of defendants described above are unlawful and constitute unfair competition with Carden in violation of Carden's rights and in violation of California Business and Professions Code § 17200 et sec. and Carden has been injured thereby.

## SIXTH CLAIM

- 13 -

COMPLAINT

**Trademark Dilution**

**California Business and Professions Code § 14330**

**AGAINST ALL DEFENDANTS**

43.    Carden re-alleges and incorporates by reference each of the foregoing paragraphs as though each such paragraph was fully set forth herein.

44.    Trademark Registration No. 2,934,361 for CARDEN is a distinct and unique trademark of Carden.

45.    The CARDEN Marks and especially the CARDEN mark, Reg. No. 2,934,361 registered March 22, 2005 based on a first use in May 1, 1938 has become famous in connection with educational goods and services.  Defendants misappropriated the CARDEN Marks in connection with the marketing and sale of defendant's educational services.

46.    Defendants' commercial use of CARDEN which is identical to Carden's trademark registration has lessened the capacity of the CARDEN Marks to identify services, thereby diluting the distinctive quality of the CARDEN Marks.

47.    Defendants' use in commerce of the CARDEN services is likely to cause and has caused injury to Carden's business reputation and dilution of the distinctive quality of Carden's marks.

48.    Defendants' acts and omissions have caused substantial and irreparable damage and injury to Carden and in particular to its valuable good will and the distinctive quality of Carden's trademark Registration No.

- 14 -

2,934,361.  Unless enjoined by this court the defendants' acts and omissions will continue to cause substantial and irreparable injury to Carden . Carden has no adequate remedy at law because no monetary award can adequately compensate Carden for the damage to the goodwill and distinctive quality of Carden's service mark which is occasioned by defendant's acts and omissions, and because the continuing damage to Carden from such acts and omissions would be difficult to calculate and would lead to a multiplicity of actions.

49.    Defendants acts and omissions were wanton, willful, deliberate and were done with the intent to avail themselves of Carden's reputation and good will associated with Carden's marks.  The acts and omissions of defendants described above are unlawful and violate the California Anti-Dilution Statue, California Business and Professions Code § 14330 and Carden has been injured thereby.

## SEVENTH CLAIM

## FALSE ADVERTISING

## CALIFORNIA BUS. AND PROF. CODE § 17500, §17535

## AGAINST ALL DEFENDANTS

50.    Carden re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

51.    Defendants acts and omissions as alleged herein constitute the use of deceptive, untrue and misleading advertising, of which defendants knew or

should have known, thereby impairing Carden's goodwill and otherwise adversely affecting Carden's business and reputation. These acts and omissions constitute false advertising under California Business and Professions Code § 17500 and §17535 and California Common Law. Monetary damages will not adequately remedy Carden's injuries. Carden is therefore entitled to injunctive relief prohibiting defendants from continuing such acts of false and misleading advertising. Carden is entitled to defendants' profits and other damages according to proof at trial, including cost and attorneys' fees.

## EIGHTH CLAIM

## COMMON LAW TRADEMARK INFRINGEMENT

## AGAINST ALL DEFENDANTS

52. Defendant Carden re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

53. Carden is the owner of goodwill and valuable trademark rights protected by California Common Law as well as by the common law of other jurisdictions where Carden does business.

54. The use by defendants without Carden's consent of reproductions, counterfeits, copies or colorable imitations of Carden's mark in connection with defendants' services is likely to cause confusion, mistake and deception, and such use infringes Carden's rights in violation of California common law and the common law of other states.

55.    Defendants have acted with oppression, fraud and malice in that they intended the conduct to cause injury to Carden. Defendants' acts and omissions also are despicable and were carried out with a willful and conscious disregard to the rights of Carden and the public. Defendants made intentional misrepresentations, concealed material facts and perpetuated deception with the intent to deprive Carden and others of property and legal rights. Therefore Carden is entitled to exemplary damages against each of the defendants pursuant to California Civil Code § 3294 in an amount to be determined at trial.

56.    Defendants acts and omissions have caused Carden damages. Unless defendants are enjoined, their continued acts and omissions will cause Carden and the public to suffer great and irreparable injury.

57.    Carden has no adequate remedy at law.

58.    Carden has suffered actual damages in the form of lost sales and damage to its business, goodwill, reputation and profits and defendants have been unjustly enriched as a result of their infringing activities. The exact amount of Carden's damages and defendant's unjust enrichment will be proven at trial.

## NINTH CLAIM

## COMMON LAW UNFAIR COMPETITION

## AGAINST ALL DEFENDANTS

59.    Defendant re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

- 17 -

**COMPLAINT**

60.    Defendants are willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are passing off their infringing CARDEN services as if they were approved and are authorized by Carden. Defendants' use in commerce of the infringing CARDEN services to continues to confuse and deceive customers as to the source of origin of the services and affiliation of the services for which Carden has invested substantial time, effort and money in developing and further damages Carden's good will and reputation.

61.    Defendants have been pawning off their services as though the services were authorized services of Carden.  Consumers have been and continue to be confused as to whether defendants' CARDEN services are authorized by Carden.

62.    The damages suffered by Carden are irreparable and will continue unless defendants are restrained by this court from the commission of these acts and omissions.

63.    Defendants' willful, deliberate and malicious conduct constitutes unfair competition with Carden.

64.  Such conduct by defendants is the primary reason for defendants' ability to market and sell their unauthorized CARDEN services.

65.    Defendants are being unjustly enriched through such flagrant and unlawful conduct and should be punished therefore.

66.    Carden has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable injury to Carden if defendants

COMPLAINT

are not enjoined from their acts of unfair competition.

67.    A complete restoration of the damages suffered by Carden as a result of this unfair competition must await discovery of defendants' books and records.

## TENTH CLAIM

## VIOLATION OF ANTICYBERSQUATING

## CONSUMER PROTECTION ACT, 15 USC 1125(d)

## AGAINST ALL DEFENDANTS

68.    Defendant re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

69.    Defendants have registered or caused to be registered the domain names, cardenvirtualacademy.com and cardenschools.org which are identical or confusingly similar to the CARDEN Marks.

70.    The CARDEN Marks were distinctive at the time the domain name was registered.

71.    The domain name was identical, confusingly similar to, or dilutive of the CARDEN Marks when the domain name was registered.

72.    Defendants registered and used the domain name in bad faith with an intent to profit.

73.    Carden has very strong incontestible rights in its federally registered CARDEN Marks.

74. Defendants lack trademark or other intellectual property protection in the use of the mark CARDEN SCHOOLS.

75. Defendants have not had the prior right to use the domain name in connection with a bona fide offering of any goods or services.

76. Defendants have intended to divert consumers from plaintiff's online location, cardenschool.org, to a site accessible under the domain name cardenschools.org. Such diversion and confusion could harm the goodwill represented by the mark, either for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site.

## ELEVENTH CLAIM

## BREACH OF CONTRACT

## AGAINST DEFENDANT TIMOTHY SMITH

77. Carden realleges and incorporates by reference all of the foregoing paragraphs as though each was fully set forth herein.

78. Timothy Smith and DOES 1-10, entered into a written agreement in or about the year 2000 with the Carden Educational Foundation pursuant to which Defendant Smith and DOES 1-10 were to open a single school, to be called Carden School of Peoria, and by which Defendant further agreed to abide by the following stated requirements, among others:

a. The director and teachers of a Carden school must have completed the Carden Method Training Course.

- 20 -

COMPLAINT

b.    The teaching of the Method is performed only by the Carden Educational Foundation, Inc. (Foundation).  Neither directors nor teachers are allowed to teach other teachers the method without the express written approval of the Foundation.

c.    The presentation of Carden material must be in complete accord with the Carden material must be in complete accord with the Carden Method Techniques presented in the Carden Method Training Courses.

79.    Plaintiff has performed all obligations to be performed by it under the agreement except and in so far as prevented, excused, or discharged by the Defendants, or except in so far as Plaintiff's performance was waived, not material, or Defendants are estopped from asserting to the contrary.

80.    Upon information and belief, within the last 4 years, the Smiths and DOES 1-10 and have failed to perform, and breached their obligations under the Contract, by inter alia, (a) opening the Carden Virtual Academy and the Carden Virtual Academy of Arizona without approval of Carden Educational Foundation, (b) teaching or allowing other teachers to teach the Carden method without the express written approval of the Carden Educational Foundation, (c) presenting Carden material in a manner not in complete accord with the Carden material and/or with the Carden Method Techniques, and (d) other breaches.

81.    The agreement provides that:

"If these requirements are not fulfilled, the Method will be withdrawn from the school and Carden material in possession of the

- 21 -

COMPLAINT

school will be returned to the Foundation by and at the expense of the school at that time, and the school shall not make any statements or claim thereafter that it is a Carden school or that it has the Carden Method of teaching and the school shall not use the Carden Curriculum in any manner thereafter."

82.    Carden has suffered, is suffering and will continue to suffer irreparable injury for which Carden has no adequate remedy of law.  Unless enjoined by this court, Defendants will continue to cause substantial and irreparable damage and injury to Carden.  Carden is therefore entitled to a preliminary and permanent injunction.

83.    As a result of the above-described conduct, Plaintiff has suffered monetary damages for breach of contract in an amount currently unknown but subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Carden respectfully demands judgment against defendants as follows:

1.    A judgment declaring that defendants have infringed the CARDEN

COMPLAINT

Marks, have unfairly competed with Carden, have diluted Carden's trademark registrations, have injured Carden's business reputation by the unlawful use of the CARDEN Marks and have willfully violated the applicable laws of the United States and of the states where defendants services have been sold all to the detriment of Carden;

2.    That the defendants, their officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

A.    Infringing or inducing infringement of Carden's federally registered marks;

B.    Using the CARDEN federally registered Carden marks or any colorable imitation thereof to advertise, promote or identify defendants' services;

C.    Unfairly competing with Carden in any manner whatsoever causing confusion, likelihood of confusion, injury to business reputation or dilution of the distinctiveness of Carden's federally registered Carden marks;

D.    Engaging in any acts or activities directly or indirectly calculated as a trade on Carden's federally registered Carden marks or the reputation or goodwill of Carden or in any way competing unfairly with Carden.

E.    Making or supplying, importing, distributing, selling, offering to sell or otherwise using in commerce any infringement on Carden's services;

COMPLAINT

and

    F.    Diluting Carden's federally registered Carden marks.

    3.    For a judgment directing that any materials in the possession of or under the control of the defendants which infringe Carden's federally registered marks be delivered up and destroyed within ten days of entry of judgment.

    4.    For a judgment directing defendants to recall infringing materials distributed to advertise or market in connection with infringing Carden's services or goods.

    5.    For judgment against defendants awarding Carden damages and lost profits including

    A.    All damages sustained by Carden as a result of defendants' unlawful infringement of Carden's federally registered mark, together with appropriate interest on such damages and that such damages be trebled pursuant to 15 USC § 1117;

    B.    All damages sustained by Carden as a result of defendants' unlawful infringement of trademark Registration No. 2,934,361;

    C.    All damages sustained by Carden as a result of defendants' unlawful infringement of Carden's federally registered Carden marks together with appropriate interests on such damages and that such damages be trebled;

    D.    All profits derived by defendants from the sale of goods and

COMPLAINT

services as a result of defendants' unlawful infringement of Carden's federally registered Carden trademark and that such profits be trebled; and

E.    All damages sustained by Carden on account of trademark infringement, unfair competition, dilution, loss business opportunities and any other damage suffered by Carden as a result of defendants' acts and omissions described in this complaint and that such damages be trebled.

F.    All damages sustained by Carden on account of Defendant Smith's breach of contract.

6.    For an order directing defendants to pay punitive damages to Carden.

7.    For an order directing defendants to pay restitution to Carden.

8.    For monetary damages or an injunction against maintenance or registration of the domain names cardenvirtualacademy.com or cardenschools.org or any other domain name confusingly similar to the CARDEN Marks pursuant to 15 USC 1125(d)(1)(A), (C), and if Carden elects monetary damages, in the sum of $200,000.

9.    For an award of attorneys' fees pursuant to 15 USC § 1117;

10.    For an award of pre-judgment interests at the maximum rate allowed by law;

11.    For the cost incurred herein;

- 25 -

12.    For such additional and further relief and that the court may deem just and proper under the circumstances.

Respectfully submitted,

DEBORAH PERLMAN

PAUL D. SUPNIK

Dated: July 30, , 2010    By: _Deborah Perl_____

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

DEBORAH PERLMAN

PAUL D. SUPNIK

Dated: July 30, 2010    By: _Deborah Perl_____

COMPLAINT

**EXHIBIT  A**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,934,361
Registered Mar. 22, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

## CARDEN

CARDEN EDUCATIONAL FOUNDATION, INC. (NEW YORK NON-PROFIT CORPORATION)
23 PARKWOOD DRIVE
HILTON HEAD ISLAND, SC 29926

FOR: EDUCATIONAL AND TRAINING SERVICES FOR STUDENTS AND TEACHERS IN SCHOOLS, NAMELY, CONDUCTING CLASSES, SEMINARS, CONFERENCES, WORKSHOPS IN THE FIELD OF SPELLING, READING, AND TEACHING METHODS EMPHASIZING IMAGERY, LISTENING AND CORRECT DICTION ACCORDING TO A PROPRIETARY CURRICULUM AND DISTRIBUTING COURSE MATERIALS IN CONNECTION THEREWITH IN, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-1-1938; IN COMMERCE 5-1-1938.

OWNER OF U.S. REG. NOS. 2,501,800, 2,533,814, AND 2,566,783.

COLOR IS NOT A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORD "CARDEN" PRINTED IN UPPER CASE LETTERS.

SEC. 2(F).

SER. NO. 76-537,647, FILED 8-11-2003.

CAROL SPILS, EXAMINING ATTORNEY

**EXHIBIT A**

**EXHIBIT B**

**Int. Cls.: 9, 16 and 41**

**Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101 and 107**

**Reg. No. 2,566,783**

## United States Patent and Trademark Office
Registered May 7, 2002

### TRADEMARK
### SERVICE MARK
#### PRINCIPAL REGISTER



CARDEN EDUCATIONAL FOUNDATION, INC. (NEW YORK NON-PROFIT CORPORATION)
23 PARKWOOD DRIVE
HILTON HEAD ISLAND, SC 29926

FOR: PRERECORDED AUDIO-VISUAL RE-CORDINGS ON COMPACT DISCS IN THE FIELD OF SPELLING AND READING AND TEACHING METHODS EMPHASIZING IMAGERY, LISTENING, AND CORRECT DICTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-1981; IN COMMERCE 12-31-1981.

FOR: PRINTED INSTRUCTIONAL, EDUCATION-AL, AND TEACHING MATERIALS IN THE FIELD SPELLING AND READING AND TEACHING METHODS EMPHASIZING IMAGERY, LISTENING, AND CORRECT DICTION, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 12-31-1981; IN COMMERCE 12-31-1981.

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING SEMINARS AND WORKSHOPS IN THE FIELD OF SPELLING AND READING AND TEACHING METHODS EMPHASIZING IMAGERY, LISTENING, AND CORRECT DICTION, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-31-1981; IN COMMERCE 12-31-1981.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EDUCATIONAL FOUNDATION", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 76-091,875, FILED 7-20-2000.

ANNE FARRELL, EXAMINING ATTORNEY

EXHIBIT B

EXHIBIT

**EXHIBIT C**

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101 and 107**

**United States Patent and Trademark Office**

**Reg. No. 2,501,800**

Registered Oct. 30, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

## CARDEN SCHOOL

CARDEN EDUCATIONAL FOUNDATION, INC.
(NEW YORK NON-PROFIT CORPORATION)
23 PARKWOOD DRIVE
HILTON HEAD ISLAND, SC 29926

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING SEMINARS AND WORKSHOPS IN THE FIELD OF SPELLING, READING, AND TEACHING METHODS EMPHASIZING IMAGERY, LISTENING AND CORRECT DICTION, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-1-1938; IN COMMERCE 5-1-1938.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SCHOOL", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 76-094,277, FILED 7-20-2000.

ANNE FARRELL, EXAMINING ATTORNEY

EXHIBIT C

**EXHIBIT  D**

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101 and 107**

**Reg. No. 2,533,814**

## United States Patent and Trademark Office

Registered Jan. 29, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

### CARDEN METHOD

CARDEN EDUCATIONAL FOUNDATION, INC. (NEW YORK NON-PROFIT CORPORATION) 23 PARKWOOD DRIVE HILTON HEAD ISLAND, SC 29926

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING SEMINARS AND WORKSHOPS IN THE FIELD OF SPELLING, READING, AND TEACHING METHODS EMPHASIZING IMAGERY, LISTING AND CORRECT DICTION, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-1-1948; IN COMMERCE 1-1-1948.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "METHOD", APART FROM THE MARK AS SHOWN.

SEC. 2(F) THE MARK HAS BECOME DISTINCTIVE OF APPLICANTS SERVICES AS A RESULT OF EXCLUSIVE AND CONTINUOUS USE OF THE MARK BY APPLICANT IN COMMERCE FOR SUBSTANTIALLY MORE THAN THE FIVE YEARS..

SER. NO. 76-094,276, FILED 7-20-2000.

RONALD MCMORROW, EXAMINING ATTORNEY

EXHIBIT D

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 1150 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>CARDEN EDUCATIONAL FOUNDATION, INC. a New York not for profit foundation | **DEFENDANTS**<br>CARDEN VIRTUAL ACADEMY, a California Corporation et al;<br>(see attachment 1 for additional Defendants) |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Deborah Perlman, SBN 177991<br>Perlman Law, Inc.<br>433 N. Camden Dr. #970, Beverly Hills, CA 90210 (310) 551-0155 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No        ☒ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC Section 1114 et seq. Trademark infringement & dilution, unfair competition,

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**ED CV 10 - 01150 VAP** (DTBX)

**FOR OFFICE USE ONLY:**    Case Number: —

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 1 of 2

AUG - 3 20

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, __and__ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | South Carolina |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Carden Virtual Academy -San Bernardino | Carden Virtual Academy of Arizona - Arizona<br>Timothy Smith - Arizona |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _7/30/10_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**ADDENDUM 1**

CARDEN VIRTUAL ACADEMY OF ARIZONA, an Arizona corporation;
TIMOTHY SMITH, an individual and dba CARDEN VIRTUAL ACADEMY;
and DOES 1 through 10,

Name & Address:
Deborah Perlman, SBN 177991
Perlman Law, Inc.
433 N. Camden Dr., Suite 970
Beverly Hills, CA 90210
(310) 551-0155

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CARDEN EDUCATIONAL FOUNDATION, INC., a New York not for profit foundation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **ED CV 10 - 01150 VAP (DTBx)** |
| v. | |
| CARDEN VIRTUAL ACADEMY, a California Corporation; *(See attached)* DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): _____  _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Perlman Law, Inc._____, whose address is _433 N. Camden Dr., Suite 970 Beverly Hills, CA 90210_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated:  ____AUG - 3 2010____    By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          **SUMMONS**

DEBORAH PERLMAN [S.B. No. 177991]
deborah@perlmanlawoffices.com
Perlman Law Inc.
433 N. Camden Drive, Suite 970
Beverly Hills, CA 90210
(310) 551-0155

PAUL D. SUPNIK [S.B. No. 52842]
paul@supnik.com
9401 Wilshire Boulevard, Suite 1250
Beverly Hills, CA 90212
(310) 859-0100

Attorney for Plaintiff
CARDEN EDUCATIONAL
FOUNDATION, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDEN EDUCATIONAL FOUNDATION, INC., a New York not for profit foundation, <br><br> Plaintiff, <br><br> vs. <br><br> CARDEN VIRTUAL ACADEMY, a California corporation; CARDEN VIRTUAL ACADEMY OF ARIZONA, an Arizona corporation; TIMOTHY SMITH, an individual and dba CARDEN VIRTUAL ACADEMY; and DOES 1 through 10, <br><br> Defendants. | CASE NO. <br><br> ) COMPLAINT <br> ) <br> ) 1. Federal Trademark Infringement <br> ) 2. Federal Unfair Competition <br> ) 3. Federal Trademark Dilution <br> ) 4. Trademark Infringement Under State <br> )     Law <br> ) 5. Unfair Competition under State Law <br> ) 6. Trademark Dilution under State Law <br> ) 7. False Advertising <br> ) 8. Common Law Trademark <br> )     Infringement <br> ) 9.  Common Law Unfair Competition <br> ) 10. Anti-Cybersquating Consumer <br> )      Protection Act <br> ) 11. Breach of Contract <br> ) <br> ) **DEMAND FOR JURY TRIAL** |

- 1 -                                                    **COMPLAINT**